No. 3290

**Second Circuit**

---

**MOSELEY v. SUCCESSION OF MOSELY**

---

(June 28, 1928.   Opinion and Decree.)
(July 14, 1928.   Rehearing Refused.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Executors and Administrators—Par. 156, 162, 164.**
Where evidence of opponent fails to show that his claim is entitled to be paid by preference or that he has a privilege, his claim will be paid as an ordinary claim of the succession.

Appeal from the Ninth Judicial District Court, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by S. M. Mosely against Succession of Frank F. Mosely.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Lamar Polk, of Alexandria, attorney for plaintiff, appellant.

Sol B. Pressburg, of Alexandria, attorney for defendant, appellee.

WEBB, J. In this matter, the administratrix filed a final account and tableau of debts, showing the fund to be distributed at eight hundred ninety-six and 75-100 dollars (which comprised all of the assets of the succession) and privilege claims of seven hundred forty-nine and 50-100 dollars, and ordinary claims of one hundred forty-seven and 50-100 dollars, and prayed the account be homologated and the fund distributed as shown thereon.

S. M. Mosely, who was recognized as one of the ordinary creditors for one hundred forty dollars, opposed the account and tableau of debts, alleging that decedent was indebted to him in the sum of five hundred twenty-two dollars, which was a privilege claim, and that it should be ranked as such, and the fund distributed pro rata among the privilege creditors, and he appeals from a judgment rejecting his demands and homologating the account and ordering the funds distributed as shown on the account.

The evidence shows that decedent had a small restaurant in the city of Alexandria, where he resided, and that he had been ill for about a year prior to his death, and at times more or less unable to take care of himself, and that during such periods his brother, opponent, would take him to his home and care for him, and of the indebtedness claimed against the succession four hundred fifty-four dollars was for lodging, board and attention given to decedent during such periods, and the balance was for expenses incurred in sending decedent to New Orleans, amounting to thirty dollars, and work done by opponent for decedent, amounting to thirty-eight dollars.

Opponent did not keep any memoranda of the exact period during which he cared for decedent nor of the exact expenses incurred or of the work done by him, and there was evidence offered showing that at times during the period that opponent claimed to have been caring for decedent the latter was at his place of business, and it also appears that the charges made by opponent were in excess of the amount usually charged for such services.

While the account shows the succession to have been solvent, it was so by reason of the administratrix waiving her commission, and as against such a succession a claimant presenting an equitable claim, the amount of which is to be fixed on the basis of the value of the service, there being not any contractual relations, is bound to establish with certainty some minimum amount as against creditors whose debts arose from contracts with decedent, and where there is conflict in the evidence as to the period and value of the service, the minimum must be accepted, and we cannot say that the court erred in fixing the amount of opponent's claim at the amount admitted by the administratrix.

Opponent did not show that his claim was entitled to be paid by preference or that he had a privilege, and practically all of the surplus, after payment of the privilege debts, being ordered paid to him, he could have little cause to complain, especially as the cost of his opposition would fall first upon the fund to be distributed

to the ordinary creditors (Succession of Hilisberg, 1 Ann. 20; Cross, Successions, page 464, No. 286), and whatever may have been the amount of his claim, the amount to be paid to him could not have been materially increased.

The judgment is affirmed.